Mengers-O'Brien v. Oyster Riv Sch Dis CV-95-402-SD  10/08/98
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Jennifer Mengers-O'Brien;
Tamara Milne;
Cynthia Tomas


      v.                              Civil No. 95-402-SD


Oyster River Cooperative
 School District


                            O R D E R


      This case, alleging violation of Title IX of the Education

Amendments Act of 1972, 20 U.S.C. § 1681, and state law, has been

wending its way through the litigation process for some time now.

Along its way it has presented the court with questions on the

cutting edge of Title IX law.  Currently before the court is

Defendant's Motion to Reconsider the Court's Order Denying Motion

for Summary Judgment in Light of Gebser v. Lago Vista Independent

School District, to which the plaintiffs object;[1] Defendant's

Motion to Dismiss State Law Claims or in the Alternative Motion

_____

      [1]Defendant has also filed a motion for leave to file a reply
memorandum, to which plaintiffs object or in the alternative move
to file their own reply.  As these issues have been argued and
reargued multiple times, the court fails to see the need for
further memoranda and hereby denies both requests.

to Bifurcate Title IX Claim from State Law Negligence Claim, to which plaintiffs object; and various pretrial motions.

## Background

The plaintiffs, Jennifer Mengers-O'Brien, Tamara Milne, and Cynthia Thomas, allege that the Oyster River Cooperative School District failed to prevent or to end a fellow student's sexual harassment of Jennifer and Tamara in the seventh and eighth grades. The complete history of this sorry tale can be found in the court's order of August 25, 1997, Doe v. Oyster River Coop. School Dist., 992 F. Supp. 467 (D.N.H. 1997), and need not be reiterated here.

## Discussion

### 1. The School District's Motion to Reconsider

In its August 25, 1997, order, the court denied the school district's request for summary judgment on plaintiffs' Title IX claim. The court determined that under Title IX a student who has been sexually harassed in school could collect damages if an official who had authority to address the harassment knew or should have known of the harassment and failed to take appropriate steps to halt it. In response to defendant's request for reconsideration, the court issued a subsequent order

2

clarifying the school's duty to respond to harassment.  See Order of January 14, 1998.  In that order, the court emphasized that the requirement that the school take steps reasonably calculated to end the harassment was not a negligence standard, but required the plaintiffs to show that the school district had been reckless or grossly negligent.  The school district now asks the court again to reconsider its decision in light of a recent United States Supreme Court decision clarifying the standard of liability under Title IX.

In Gebser v. Lago Vista Ind. School Dist., ___ U.S. ___, ___, 118 S. Ct. 1989, 1999 (1998), the Supreme Court held that a school district could only be liable for damages under Title IX when it had actual knowledge of the harassment and reacted with deliberate indifference.  In the instant case, unlike Gebser, plaintiffs do not seek to hold the school district vicariously liable.  Accordingly, Gebser's focus on agency principles and the importance of actual knowledge are not the primary focus here.[2] The critical issue here is whether there is evidence sufficient to survive summary judgment on the second prong of this test.

_____

[2]Although the court in its order of August 25, 1997, opined that a school could be held liable when it had actual or constructive notice of harassment, the court found that plaintiffs had produced enough evidence to preclude summary judgment under either standard.  Therefore, the Supreme Court's announcement of the actual knowledge standard does not affect this prong of the court's decision.

3

Although this court previously held that plaintiffs had provided enough evidence that the school district failed adequately to remedy the harassment to survive summary judgment, the court also found that "it does not appear that [the school district] acted with reckless indifference to plaintiffs' rights . . . ." Doe, supra, 992 F. Supp. at 484.

Accordingly, the dispositive issue is the meaning of the Supreme Court's announcement that deliberate indifference is a prerequisite to recovery of damages under Title IX. Plaintiffs contend that the deliberate indifference standard required by Gebser is met by conduct that is merely reckless, and is thus really the same standard earlier applied by this court. See Plaintiffs' Memorandum of Law in Support of Objection to Defendant's Motion to Reconsider at 4. The school district, on the other hand, argues that deliberate indifference is only shown where a school refuses to take any action. See Defendant's Memorandum of Law in Support of Motion to Reconsider Court's Order Denying Motion for Summary Judgment at 6. This court finds both of these formulations overstated. In Gebser, the Court stated that liability would be premised on "an official decision by the recipient not to remedy the violation." ___ U.S. at ___, 118 S. Ct. at 1999. Gebser thus requires a greater showing of intent than did the standard applied by this court. Indeed, it

4

is clear from this court's previous order that the conduct alleged by the plaintiffs was sufficient to survive summary judgment under a standard requiring gross negligence, but was not sufficient to support a claim requiring deliberate indifference. See Doe, supra, 992 F. Supp. at 480, 484. Accordingly, plaintiffs' Title IX claim cannot survive under the standard announced by Gebser.

2. Plaintiffs' State-Law Claims

The school district has asked the court to dismiss plaintiffs' state-law claims. According to defendant, these claims present novel questions of state law, which would confuse the jury by overshadowing plaintiffs' Title IX claim. Because plaintiffs' Title IX claim is no longer viable, defendant's second contention is no longer a concern. Furthermore, the court is not persuaded that this case involves a novel issue of state law warranting declining jurisdiction. See 28 U.S.C. § 1367 ("district court may decline to exercise supplemental jurisdiction . . . if the claim raises a novel or complex issue of State law"). Plaintiffs' claim is based upon negligence, a tort with which this court has plenty of experience. Moreover, this case does not present a novel application of a familiar tort; the New Hampshire Supreme Court has explicitly held that

5

the special relationship between schools and students imposes upon the school a duty of reasonable supervision. See Marquay v. Eno, 139 N.H. 708, 717, 662 A.2d 272, 279 (1995).

Furthermore, although the court will often exercise its discretion to dismiss state-law claims once all federal claims have been dismissed, considerations of fairness and efficiency weigh in favor of retaining jurisdiction over plaintiffs' state-law claim. See 28 U.S.C. § 1367(c). In deciding whether to retain jurisdiction, the court enjoys considerable discretion which must be exercised "'in light of such considerations as judicial economy, convenience, fairness to litigants, and comity.'" Kern v. Kollsman, 885 F. Supp. 335, 346 (D.N.H. 1995) (quoting Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991)). At this late stage in the litigation, three years after the action was filed and after the close of discovery, dismissal of the state-law claims is not warranted.

3. Defendant's Motion in Limine to Exclude Testimony of Plaintiffs' Liability Expert

The school district objects to the proposed testimony of Cheryl Dick, plaintiffs' proposed expert, on numerous grounds, and has requested an evidentiary hearing on the matter. The court will rule on defendant's motion after such hearing.

6

## 4. Defendant's Motion in Limine to Exclude Testimony Referencing Office For Civil Rights' Investigation

Defendant has moved to exclude the contents of a report prepared by the Office for Civil Rights (OCR), the agency responsible for enforcing Title IX. Federal Rule of Evidence 803(8) provides that certain public records and reports are not excludable as hearsay. The rule provides that "in civil actions . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness," are not excluded as hearsay. Fed. R. Evid. 803(8)(C). Although the school district does not explicitly evoke Rule 803, its argument that the report should be excluded because it lacks sufficient indicia of reliability appears to be an allusion to 803(8)(C)'s requirement of trustworthiness.

The Supreme Court has held that under Rule 803(8)(C), investigative reports containing both findings of fact and the investigator's conclusions may be admitted. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988). The United States Court of Appeals for the First Circuit has "indicated its willingness to interpret Rainey broadly." Lubanski v. Coleco Indus. Inc., 929 F.2d 42, 45 (1st Cir. 1991). Accordingly, reports prepared pursuant to a legal duty are accorded an initial

7

presumption of admissibility. <u>See</u> <u>id.</u> at 46. The trustworthiness inquiry is the "primary safeguard against the admission of unreliable evidence . . . ." <u>Rainey</u>, <u>supra</u>, 488 U.S. at 167. The Advisory Committee's Notes provide a list of four factors relevant to the determination of trustworthiness: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." <u>Id.</u> at 167 n.11. In this case, although no hearing was held, the other factors militate in favor of admitting the report. "And of course it goes without saying that the admission of a report containing 'conclusions' is subject to the ultimate safeguard--the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions." <u>Id.</u> at 168.

Legal conclusions, however, stand on a different footing from factual conclusions. In <u>Rainey</u>, the Supreme Court "express[ed] no opinion on whether legal conclusions contained in an official report are admissible as 'findings of fact' under Rule 803(8)(C)." <u>Id.</u> at 170 n.13. Some lower courts have held that Rule 803(8)(C) does not permit the admission of legal conclusions. <u>See</u> <u>Hines v. Brandon Steel Decks, Inc.</u>, 886 F.2d 299, 302 (11th Cir. 1989). Although the First Circuit favors a

8

liberal construction of the rule, this court has no hesitation in holding that legal conclusions based on what have proven to be incorrect interpretations of the law should not be admitted. Accordingly, the report can only be introduced into evidence if all conclusions as to the requirements of Title IX and legal conclusions based on such interpretations are redacted.

Of course, a report that is admissible under Rule 803(8)(C) is nonetheless subject to the other rules of evidence. See Lubanski, supra, 929 F.2d at 45. Accordingly, the court's finding that the report meets the requirements of Rule 803(8)(C) is not intended to eliminate a proper challenge as to the admissibility of any specific portion of the report under the federal rules of evidence. The obligation, however, remains with the defendant to identify and challenge those portions of the report it deems inadmissible. In its motion in limine, defendant argues that the report should be excluded under Rule 403 because it would cause unfair prejudice and confuse the jury. The school district's argument, however, is based upon the report's inaccurate statement of the law of Title IX, which the court has already determined must be redacted. Thus, at this juncture, the court will not exclude the report. The school district, of course, is free to object when and if the report is offered at trial.

9

## 5. Defendant's Motion in Limine to Exclude Testimony Referencing Office for Civil Right's [sic] Guidance

The school district has moved to have the court exclude any reference to a guidance on sexual harassment in schools issued by the Department of Education's Office for Civil Rights (OCR). Although the guidance was not published until years after the relevant events took place, plaintiffs contend that it can be used to judge the reasonableness of defendant's response; the plaintiffs' liability expert, Cheryl Dick, bases her conclusions, in part, on this guidance. As the court will be ruling on the admissibility of Dick's testimony after an evidentiary hearing, it will rule on this issue simultaneously.

## 6. Assented-to Motion to Require Defendant to Specify Exhibits

As the parties have assented to this motion, it is herewith granted.

## Conclusion

For the abovementioned reasons defendant's motion to reconsider (document 75) is granted; the clerk is hereby ordered to enter judgment for defendant on Count I of the plaintiffs' complaint. Defendant's motion for leave to file a memorandum in excess of fifteen pages (document 61) is hereby granted.

10

Defendant's motion to dismiss state-law claims (document 82) and defendant's motion in limine to exclude the Office for Civil Rights' investigation and findings (document 53) are denied. The court will reserve judgment on defendant's motions in limine to exclude testimony of plaintiffs' liability expert and references to the Office of Civil Rights Guidance (documents 52 & 54) until after an evidentiary hearing, which shall be held on <u>Thursday, November 5, 1998, at 10:30 a.m.</u> The court has granted the assented-to motion regarding specifying exhibits (document 64).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 8, 1998

cc:  Eleanor H. MacLellan, Esq.
     Bradley F. Kidder, Esq.
     Donald E. Gardner, Esq.

11